**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| *In re Subpoena to* <br><br> VANTIVA USA LLC, <br><br>   *Respondent,* <br><br>   *v.* <br><br> ENTROPIC COMMUNICATIONS, LLC <br><br>   *Movant.* | MISCELLANEOUS ACTION NO. <br> 1:23-mi-_____ |
| ENTROPIC COMMUNICATIONS, LLC, <br><br>   *Plaintiff*, <br><br>   *v.* <br><br> CHARTER COMMUNICATIONS, INC., SPECTRUM ADVANCED SERVICES, LLC; AND SPECTRUM MANAGEMENT HOLDING COMPANY, LLC, <br><br>   *Defendants.* | CIVIL ACTION NO. <br> 2:22-cv-00125-JRG <br> (Eastern District of Texas) |

**MEMORANDUM OF LAW IN SUPPORT OF**
**PETITIONER ENTROPIC COMMUNICATIONS, LLC'S**
**MOTION TO COMPEL COMPLIANCE WITH A SUBPOENA *DUCES TECUM* AND**
**SUBPOENA *AD TESTIFICANDUM* TO NON-PARTY VANTIVA USA, LLC**

**TABLE OF CONTENTS**

**Page(s)**

I. INTRODUCTION............................................... 1

II. FACTUAL BACKGROUND........................................ 2

   A. Entropic's Subpoenas ..................................... 2

   B. Vantiva's Objections ..................................... 2

   C. Entropic's Attempts to Resolve the Dispute ............... 5

III.       DISCUSSION............................................ 6

   A. Entropic's Motion is Properly Filed in This District ...... 6

   B. Vantiva's Failure to Produce Responsive Documents and Ineffectual Objections Warrant an Order Compelling Production................................................ 7

      i.   Objection to producing Product Definition Documents and BOMs (Request No. 1).............................. 8

      ii.  Objection to producing documents showing pricing of the Relevant Set Top Products with full band capture and non-full band capture set top products limited by date, and pricing of components used (responsive to Request No. 11)....................................... 9

   C. Vantiva's Failure to Produce a Witness is Improper........ 9

IV. CONCLUSION................................................ 11

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Conservit, Inc. v. Global Mill Supply, Inc.*,
   No. 1:19-CV-00274-ELR, 2023 WL 3875061
   (N.D. Ga. Apr. 11, 2023) .....................................7

*Entropic Communications, LLC v. Charter
   Communications, Inc.*,
   No. 2:22-cv-00125-JRG (E.D. Tex.) .......................*passim*

*Kansas City Power & Light Co. v. U.S.*,
   139 Fed. Cl. 546 (2018) ....................................11

*Moreno v. Serco Inc.*,
   NO. 1:15-cv-3382-CC-JKL, 2016 WL 9774501
   (N.D. Ga. Sept. 20, 2016) ...................................9

*Twin Rivers Eng'g, Inc. v. Fieldpiece Instruments,
   Inc.*,
   6:17-mc-53-Orl-40TBS, 2018 WL 3458325
   (M.D. Fla. July 18, 2018) ..................................10

*U.S. v. Paris*,
   No. 4:18-CV-0230-HLM, 2020 WL 10181655
   (N.D. Ga. Oct. 23, 2020) .............................8, 9, 10

*Williams v. Taser Int'l, Inc.*,
   No. 1:06-CV-0051-RWS, 2007 WL 1630875
   (N.D. Ga. June, 4, 2007) .............................8, 9, 10

**Other Authorities**

Fed. R. Civ. P. 34..............................................10

Fed. R. Civ. P. 34(b)(2).........................................8

Fed. R. Civ. P. 34(b)(2)(B).....................................10

Fed. R. Civ. P. 37(a)(1).........................................8

Fed. R. Civ. P. 45(c)............................................7

Fed. R. Civ. P. 45(c)(1).........................................7

Fed. R. Civ. P. 45(d)(2)(B).....................................10

```
Fed. R. Civ. P. 45(d)(3)(A).....................................9
Federal Rules of Civil Procedure Rule 45....................1, 10
LR 37.1.........................................................8
```

**I.    INTRODUCTION**

In a matter styled *Entropic Communications, LLC v. Charter Communications, Inc.*, No. 2:22-cv-00125-JRG (E.D. Tex.), Plaintiff, Entropic Communications, LLC ("Entropic") served a subpoena *duces tecum* and subpoena *ad testificandum* on third party Vantiva USA LLC ("Vantiva") on April 19, 2023 — more than three months ago (the "Subpoenas"). While Vantiva served objections to the Subpoenas, it never moved to quash the Subpoena, and moreover refused to produce responsive documents, namely documents sufficient to identify particular System on Chips ("SoCs") used in the Relevant Set Top Products and Relevant Cable Modem Products, and cost of the individual components of the Relevant Set Top Products and Relevant Cable Modem Products. Nor has Vantiva appeared for deposition, despite numerous requests by Entropic.

Vantiva's actions are improper under Rule 45 of the Federal Rules of Civil Procedure, and Entropic is entitled to an order compelling Vantiva to produce: (1) documents identifying the SoCs in the Relevant Set Top Products and Relevant Cable Modem Products; (2) documents identifying the price of the individual components used in the Relevant Set Top Products and Relevant Cable Modem Products; and (3) a witness to testify regarding the responsive documents that Vantiva is compelled to produce.

## II.  FACTUAL BACKGROUND

### A.  Entropic's Subpoenas

On April 19, 2023, Entropic served the Subpoenas on third-party Vantiva seeking both the production of documents and deposition testimony. [Ex. A]. The Subpoenas called for the production of documents on May 9, 2023, and deposition testimony to take place on May 16, 2023. More specifically, the Subpoenas sought the production of non-privileged documents responsive to *inter alia* the following disputed requests ("Requests"):

**REQUEST NO. 1:** Documents and things sufficient to show the architecture and components of the Relevant Set Top Products and Relevant Cable Modem Products, including part lists, component lists, bills of materials, and circuit diagrams.

**REQUEST NO. 11:** Documents sufficient to show Your pricing for the Relevant Products, and the considerations impacting such pricing.

[Ex. B, at 17, 19].

In addition, the Subpoenas sought deposition testimony on the following disputed deposition topics ("Topic"):

**TOPIC NO. 2:** The meaning and purpose of all Documents produced in response to the Requests.

*See id.*, at 20.

### B.  Vantiva's Objections

Vantiva did not move to quash the Subpoenas.  Vantiva did serve objections to the Subpoenas on May 12, 2023. *Entropic*

2

*Communications, LLC v. Charter Communications, Inc.*, No. 2:22-cv-00125-JRG, Non-Party Vantiva USA LLC'S Response to Entropic Communications, LLC's Document Subpoena and Entropic Communication's Subpoena for Deposition Testimony (E.D. Tex. May 12, 2023)("Vantiva Subpoena Response") [Ex. C].  Therein, Vantiva lodged nine general objections to both the document requests and deposition topics in the Subpoenas. *Id.* at 2-4.  Those objections included, among others: (1) attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity (General Objection No. 2); imposition of duties or responsibilities greater than those impaired by court orders (General Objection No. 3); vague ambiguous, overly broad, or unduly burdensome (General Objection No. 4); unreasonably cumulative or duplicative (General Objection No. 4); seeking information already known or equally available from other sources (General Objection No. 4); and documents not in within Vantiva's possession or control (General Objection No. 5). *See id*.

Additionally, Vantiva objected to the Subpoenas' definitions and instructions. *See id.*, at 4-6.  Vantiva objected to: the definition of the term "You" and "Vantiva" on indefinite, overly broad, unduly burdensome, and harassing grounds, and imposition of obligations exceeding the Federal Rules (Def. and Instr. Objection No. 2); the term "document" and "documents" as vague, overly broad,

3

and unduly burdensome (Def. and Instr. Objection No. 3); the term "communication" and "communications" as vague, overly broad, and unduly burdensome (Def. and Inst. Objection No. 4); the terms "Relevant Set Top Products," "Relevant Cable Modem Products," and "Relevant Products" to the extent of inferring that Vantiva's products infringe Entropic's patents or that Vantiva is liable for infringement (Def. and Inst. Objection No. 5); the terms "Relevant Technologies" to the extent that the term infers a description or relation to claims of the Asserted Patents (Def. and Inst. Objection No. 6); and the Subpoenas' full set of instructions to the extent they impose an obligation on Vantiva greater than the Federal Rules, Local Rules, and/or any other applicable law or rules (Def. and Inst. Objection No. 7). *See id.*

Vantiva specifically objected in response to each Request. *See id.*, at 6-19. However, for the purposes of this motion, Vantiva specifically objected in response to Request Nos. 1 and 11. *Id.* at 7, 13.

In response to Request No. 1, Vantiva objected to the terms "architecture," and "components," as vague and ambiguous, and further objected to this request on grounds of indefiniteness, being overly broad, unduly burdensome, harassing, and purporting to impose obligations on Vantiva that exceed the Federal Rules. *Id.* at 7. Vantiva also objected to Request No. 1 as "wholly

4

unnecessary." *Id.* Vantiva's specificity explanation was limited to contending that Request No. 1 did not include a description of the particular functionality or a reasonable limitation in scope. *Id.*

Vantiva also objected to Request No. 11 as indefinite, overly broad, unduly burdensome, harassing, and purporting to impose obligations on Vantiva that exceed the Federal Rules. *Id.* at 13. For this request, Vantiva's specificity explanation consisted of the contention that Request No. 11 was not limited in time. *Id.*

In response to both Request Nos. 1 and 11, Vantiva responded that it would produce relevant non-privileged documents responsive to the Requests. *Id.*  However, as explained below, Vantiva refused to produce documents responsive to these Requests.

## C. **Entropic's Attempts to Resolve the Dispute**

Subsequent to Entropic's grant of multiple extension requests and follow ups regarding the status of Vantiva's document production, on June 2, 2023, Vantiva produced a total of 29 documents.  In response, Entropic sent Vantiva a letter on June 12, 2023 regarding the deficient document production and further request for dates to depose a Vantiva representative. [Ex. D].

Entropic continued to follow up with Vantiva regarding the status of the production of documents and request for deposition dates from June 23, 2023 until July 11, 2023, when the parties met

5

and conferred in good faith, and narrowed the scope of the Requests pertaining to Response Nos. 1 and 11 as follows:

(1) Documents identifying the SoCs in the Relevant Set Top Products and Relevant Cable Modem Products (responsive to Request Nos. 1); and

(2) Documents identifying the price of the individual components used in the Relevant Set Top Products and Relevant Cable Modem Products (responsive to Request No. 11).

Entropic also limited the Topics to *inter alia* the following area:

(1) Testimony regarding the responsive documents that Vantiva is compelled to produce (responsive to Topic No. 2).

On July 12, 2023 Vantiva produced only 10 master purchase agreements between Vantiva and Charter; and to date, Vantiva has produced a total of 39 documents which renders its obligated document production woefully deficient. Vantiva has declined to produce any further documents responsive to the narrowed categories discussed during the meet and confer regardless of the underlying court's subpoena and Entropic's repeated requests to produce responsive documents. Furthermore, Vantiva has refused to produce a witness for deposition.

**III. DISCUSSION**

**A. Entropic's Motion is Properly Filed in This District**

As a preliminary matter, Entropic's Motion to Compel is properly filed in the District Court for the Northern District of Georgia because Norcross is the place where compliance is required

6

on the face of the Subpoenas, and the place where compliance with the Subpoenas will actually occur. *See* Fed. R. Civ. P. 45(c); *Conservit, Inc. v. Global Mill Supply, Inc.*, No. 1:19-CV-00274-ELR, 2023 WL 3875061, *3 (N.D. Ga. Apr. 11, 2023) (concluding party could have only brought subpoena-related motion in United States district court where subpoena commanded depositions and production of documents).

The Subpoenas provide that the location of document production and deposition is at Veritext Legal Solutions, 20 Mansell Court, Suite 300, Roswell, GA 30076. *See Entropic Communications, LLC v. Charter Communications, Inc.*, No. 2:22-cv-00125-JRG, Notice of Subpoena (E.D. Tex. Apr. 17, 2023) [Ex. A]. Veritext Legal Solutions is approximately 15 miles from Vantiva's Georgia headquarters located at 4855 Peachtree Industrial Blvd., Suite 200, Norcross, GA 30092. As a result, the location of the deposition is in compliance with Fed. R. Civ. P. 45(c)(1)'s 100-mile distance from where Vantiva regularly transacts business.

    **B.** **Vantiva's Failure to Produce Responsive Documents and Ineffectual Objections Warrant an Order Compelling Production.**

In this case, Vantiva has failed to adequately respond to discovery. Consequently, Entropic is entitled to move for an order compelling discovery, and has certified that the parties have conferred in good faith in an effort to obtain the requested

7

discovery without court action. Fed. R. Civ. P. 37(a)(1); LR 37.1. Further, the general and generic objections to the Requests are ineffectual because Vantiva fails to explain the basis for their objections with sufficient specificity, fails to state whether any responsive materials are being withheld on the basis of the objection, and many of the objections lack justification subsequent to the narrowly tailored Requests at issue. *See* Fed. R. Civ. P. 34(b)(2); *U.S. v. Paris*, No. 4:18-CV-0230-HLM, 2020 WL 10181655, *2 (N.D. Ga. Oct. 23, 2020); *Williams v. Taser Int'l, Inc.*, No. 1:06-CV-0051-RWS, 2007 WL 1630875, *3 (N.D. Ga. June, 4, 2007).

> i. <u>Objection to producing Product Definition Documents and BOMs(Request No. 1).</u>

Vantiva's objection to any the terms "architecture" and "components," and statement regarding the lack of description of particular functionality or reasonable limitations are no longer applicable due to this specific narrowly tailored request. Even so, Vantiva's objection failed to explain how this request is "indefinite, overly broad, unduly burdensome, harassing, and purporting to impose obligations . . . that exceed the obligations imposed by the Federal Rules of Civil Procedure." *See* Ex. C at 7; *Taser Int'l, Inc.*, at *3 (stating "objections to discovery requests must be sufficiently plain and specific to allow the Court to

8

understand precisely how the challenged discovery requests are alleged to be objectionable.").

> ii. <u>Objection to producing documents showing pricing of the Relevant Set Top Products with full band capture and non-full band capture set top products limited by date, and pricing of components used (responsive to Request No. 11)</u>.

Vantiva's objection to this Request fails to explain how this request is indefinite, overly broad, unduly burdensome, harassing, and purports to impose obligations greater than the Federal Rules as to no limitation in time (especially since Vantiva's objection admits the Request's scope limitation), and further fails to state whether responsive materials are being withheld on the basis of any stated objection. *See id.* at 12; Fed. R. 34(b)(2)(C); *U.S. v. Paris*, at *2; *Taser Int'l, Inc.*, at *3.

Based on Vantiva's failure to adequately produce documents responsive to the Subpoenas, and Vantiva's ineffectual objections, this Court should grant the instant motion and enter an order compelling Vantiva to produce documents responsive to the aforementioned narrowly tailored Requests.

**C.    Vantiva's Failure to Produce a Witness is Improper.**

Pursuant to Fed. R. Civ. P. 45(d)(3)(A), "[o]n ***timely*** motion, the court for the district where compliance is required must quash or modify a subpoena" under certain conditions (emphasis added). To be timely, a motion to quash a deposition subpoena must be filed

9

before the deposition date identified in the subpoena — in this case, May 16, 2023. While the phrase "timely motion" not defined in the Federal Rules, district courts in the Eleventh Circuit have agreed that a party's motion to quash a non-party subpoena is untimely if filed after the date of subpoena compliance. *See Moreno v. Serco Inc.*, NO. 1:15-cv-3382-CC-JKL, 2016 WL 9774501, *1 (N.D. Ga. Sept. 20, 2016). In this case, Vantiva filed no motion to quash.

Rule 45 does allow for written objections to a subpoena *duces tecum*. Fed. R. Civ. P. 45(d)(2)(B). However, there is no corresponding ability to serve written objections to a subpoena *ad testificandum* or deposition subpoena. *See id.* (stating only person commanded to produce documents may serve written objections to document requests). In point of fact, then, Vantiva's written objections to Entropic's deposition subpoena have no force and effect.

Even if Vantiva were to somehow get past the hurdles facing its objections, as discussed above, the vast majority of Vantiva's objections are mere boilerplate. Fed. R. Civ. P. 34 was amended in 2015 to require that an objecting party "state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B); *U.S. v. Paris*, at *2, *Taser Int'l*, at *3; *see, e.g. Twin Rivers Eng'g, Inc. v. Fieldpiece Instruments,*

10

*Inc.*, 6:17-mc-53-Orl-40TBS, 2018 WL 3458325, *9 (M.D. Fla. July 18, 2018) ("The rules leave no place for boilerplate style objections."); *Kansas City Power & Light Co. v. U.S.,* 139 Fed. Cl. 546, 565 (2018) ("The use of broad or boilerplate objections is insufficient to justify withholding information"). Therefore, assuming one ignores the ability under the Federal Rules to object to a deposition subpoena en lieu of filing a motion to quash, then the boilerplate nature of Vantiva's objections to the Topics works to waive such objections.

Based on the fact that the Federal Rules do not provide a mechanism for a non-party to serve written objections to a deposition subpoena, and that Vantiva's objections to the Topics do not state with specificity the grounds for objecting to the requests and furthermore do not state the reasons for the objection, the Court should grant the instant motion and enter an order compelling Vantiva to produce a witness for deposition relative to the narrowly defined Topics.

**IV.   CONCLUSION**

For the foregoing reasons, the instant motion seeking to compel Vantiva to produce documents responsive to the narrowly tailored Requests and produce a witness for deposition should be granted.

Dated: July 21, 2023

Respectfully submitted,

/s/ *John L. Lyon*
Ketajh Brown
(to be admitted *pro hac vice*)

**K&L GATES LLP**
70 W. Madison Street
Suite 3300
Chicago, IL 60202
Phone: (312) 372-1121
ketajh.brown@klgates.com

John L. Lyon
(Ga Bar No. 833001)

**THOMAS | HORSTEMEYER LLP**
3200 Windy Hill Road SE
Suite 1600E
Atlanta, GA 30339
Phone: (770) 933-9500
Fax: (770) 951-0933
j.lyon@thip.law

*Attorneys for Movant*
*Entropic Communications, LLC*

## LR 7.1(D) CERTIFICATION

Pursuant to LR 7.1(D), the undersigned certifies that this brief has been prepared with one of the font and point selections approved by the Court in LR 5.1(B).

/s/ *John L. Lyon*
*Attorney for Movant*
*Entropic Communications, LLC*

12