# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

ENTROPIC COMMUNICATIONS, LLC

     Plaintiff,

v.

Civil Action No.:
2:22-cv-00125-JRG

CHARTER COMMUNICATIONS, INC.

     Defendant.

_____

**NON-PARTY VANTIVA USA LLC'S RESPONSE TO ENTROPIC
COMMUNICATIONS, LLC'S DOCUMENT SUBPOENA AND ENTROPIC
COMMUNICATIONS, LLC'S DEPOSITION SUBPOENA**

Non-Party Vantiva USA LLC ("Vantiva") serves its objections and responses to Plaintiff
Entropic Communications, Inc. ("Entropic") Subpoena for Production of Documents and to
Plaintiff Entropic's Subpoena for Deposition Testimony and the accompanying Attachment A
("Requests"), as follows:

**RESERVATION OF RIGHTS**

1.     Vantiva makes these objections and responses herein (collectively, the
"Responses") in accordance with its interpretation and understanding of Entropic's Requests and
in accordance with its current knowledge, understanding, and belief as to the facts and the
information available to them as of the date of these Responses. If Entropic subsequently asserts
an interpretation of any Request that differs from Vantiva's understanding, Vantiva reserves the
right to amend its Responses. However, the Responses shall not constitute an admission by Vantiva
that any of the Requests, any of the Responses, or any documents produced in connection
therewith, are admissible as evidence in any trial or other proceeding. Vantiva specifically reserves

1

the right to object on any grounds, at any time, to the admission of any Request or any Response or any document produced in connection therewith in any such trial or other proceeding.

2.      Vantiva does not waive any objection made in these Responses, nor any claim of privilege, whether expressly asserted or not, by providing any information or identifying any document in response to any Request. The inadvertent disclosure of such information, or the inadvertent identification or production of such a document, shall not constitute waiver of any applicable privilege as to that document or any other document identified or produced by Vantiva. All objections as to privilege, immunity, relevance, authenticity, or admissibility of any information or documents referred to herein are expressly reserved. Further, these Responses are not a concession that any individual identified by Vantiva may be called as a witness or that such person possesses discoverable information, or that the subject matter of any particular Request or Response thereto is relevant to this action.

## GENERAL OBJECTIONS

The following General Objections apply to and are incorporated by reference in each Request response below.

1.      Vantiva hereby incorporates its Reservation of Rights as enumerated above.

2.      Vantiva objects to Entropic's Requests contained therein to the extent that they seek documents or information protected or immune from discovery by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privilege or immunity. The inadvertent production by Vantiva of documents or information protected from disclosure by any privilege or doctrine shall not constitute a waiver by Vantiva of such privileges or protections.

2

3.      Vantiva objects to Entropic's Requests contained therein to the extent they purport to impose on Vantiva duties or responsibilities greater than those impaired by the Court's Orders, the Local Rules of the Court, and any other applicable statutes, rules, and/or case law.

4.      Vantiva objects to Entropic's Requests contained therein to the extent that any Request is vague, ambiguous, overly broad, unduly burdensome, unreasonably cumulative or duplicative, or seeks information that is already known to Entropic or that is equally available or readily ascertainable from some other source that is more convenient, less burdensome, or less expensive.

5.      Vantiva objects to Entropic's Requests to the extent that any Request: (a) is not within Vantiva's possession, custody, or control; (b) would require Vantiva to go beyond a diligent search of the files where information responsive to these Requests would reasonably be expected to be found; (c) is publicly available; (d) is equally accessible to Entropic; (e) has been made available to Entropic; or (f) is more appropriately or conveniently obtainable from other parties to this action or from third parties.

6.      Vantiva objects to Entropic's Requests to the extent that any Request seeks to impose upon Vantiva an obligation to investigate or discover information, materials, or documents from third parties or requests information that is not within the possession, custody, or control of Vantiva, regardless of whether such information, materials, or documents are equally accessible to Entropic.

7.      Vantiva objects to Entropic's Requests to the extent they seek disclosure of: (a) information received from a third party under a non-disclosure agreement; (b) the content of any part of an agreement between Vantiva and a third party that by its terms may not be disclosed by Vantiva; or (c) any other confidential information, proprietary information, or trade secrets of a

3

third party. Vantiva agrees to provide such information and/or documents, subject to the other objections stated herein, only in accordance with the terms and conditions of any applicable protective order(s) and any other applicable obligations of confidentiality.

8.      Vantiva's responses to the Requests are made without waiver and with the preservation of: all issues as to the competency, relevancy, materiality, privilege and admissibility of the Responses, subject matter thereof, documents or things produced thereto, and for any purpose and in any further proceeding in this lawsuit (including trial) and in any other action or matter; the right to object to the use of any such Responses or the subject matter thereof on any ground in any further proceeding in this lawsuit (including trial) and in any other action or matter; and the right to object on any ground at any time to a demand or request for further response.

9.      Vantiva objects to Entropic's Requests as a whole on each of the above grounds. Insofar as Entropic's Requests seek documents or information to which any of the above Reservation of Rights and/or General Objections apply, Vantiva hereby incorporates such Reservation of Rights and/or General Objections into its specific responses to such Requests. Accordingly, the failure to note any general objection in any specific response above shall not be a waiver of such objection with respect to any Request.

<u>**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**</u>

The following Objections to Entropic's Definitions and Instructions apply to, and are incorporated by reference in, each of Vantiva's Responses. Vantiva's specific objections to Requests are not intended to preclude, override, or withdraw any of the objections to Entropic's Definitions and Instructions to that Request.

1.      Vantiva hereby incorporates its General Objections and Reservation of Rights as enumerated above.

4

2.      Vantiva objects to the definition of "You" and "Vantiva" as contained in Definition 1 of Attachment A on the grounds that they are indefinite, overly broad, unduly burdensome, harassing, and purport to impose obligations upon Vantiva that exceed the obligations imposed by the Federal Rules of Civil Procedure. Vantiva also objects to the definition because it improperly seek to impose on Vantiva an obligation to procure documents that are not within its possession, custody or control.

3.      Vantiva objects to the definition of the term "document" and "documents" contained in Definition 8 of Attachment A as vague, overly broad, and unduly burdensome, including without limitation, to the extent it purports to impose obligations upon Vantiva that exceed the obligations imposed by the Federal Rules, the Local Rules, or the Court's Orders.

4.      Vantiva objects to the definition of the term "communication" and "communications" contained in Definition 9 of Attachment A as vague, overly broad, and unduly burdensome, including without limitation, to the extent it purports to impose obligations upon Vantiva that exceed the obligations imposed by the Federal Rules, the Local Rules, or the Court's Orders.

5.      Vantiva objects to the definitions of the terms "Relevant Set Top Products" contained in Definition 13 of Attachment A and "Relevant Cable Modem Products" contained in Definition 14 of Attachment A and "Relevant Technologies" contained in Definition 15 of Attachment A and "Relevant Products" contained in Definition 15 of Attachment A to the extent the term or terms infer or purport that a claim that any Vantiva products infringe any of Entropic's intellectual property has merit or that Vantiva or any of its affiliates may otherwise be liable for such infringement.

5

6.      Vantiva objects to the definitions of the term "Relevant Technologies" contained in Definition 15 of Attachment A to the extent the term infers or purports that the "Relevant Technologies" describes or relates to any claims of the Asserted Patents.

7.      Vantiva objects to the instructions as unduly burdensome to the extent they seek to impose an obligation on Vantiva greater than or different from that imposed by the Federal Rules, the Local Rules, and/or other applicable law, rules or orders of this Court.

## DOCUMENT PRODUCTION RESPONSES

### REQUEST FOR PRODUCTION NO. 1

Documents and things sufficient to show the architecture and components of the Relevant Set Top Products and Relevant Cable Modem Products, including part lists, component lists, bills of materials, and circuit diagrams.

### RESPONSE:

Vantiva objects to this Request as the terms "architecture" and "components" are vague and ambiguous. Vantiva further objects to this Request as indefinite, overly broad, unduly burdensome, harassing, and purporting to impose obligations upon Vantiva that exceed the obligations imposed by the Federal Rules of Civil Procedure. In particular, the Request does not include a description of the particular functionality or a reasonable limitation as to the scope of documents that may be relevant to this Request. Subject to and without in any way waiving the General Objections and Reservation of Rights, and to the extent it understands this Request, Vantiva responds as follows: Vantiva will produce relevant, non-privileged documents responsive to this Request to the extent they exist and are in its possession, custody or control after following applicable obligations of notice and confidentiality.

## REQUEST FOR PRODUCTION NO. 2

Documents and things sufficient to show the capabilities, functionality, and architecture of the Relevant Set Top Products and ESS services offered or provided by You in connection with the Relevant Set Top Products, including the following specific capabilities, functionality, or architectures:

      a.  full band capture processing of received signals;

      b.  signal analysis, signal monitoring, and/or sending of data related to signal analysis or signal monitoring capabilities;

      c.  the generation or transmission of probes, including physical layer probes, by the Relevant Products based on requests received from a CMTS and/or CCAP; and

      d.  the generation and/or transmission of messages, for example SNMP messages, by the Relevant Products based on messages received from a CMTS and/or CCAP.

## RESPONSE:

Vantiva objects to this Request as the terms "capabilities," "functionality," "architecture," "ESS services," and subtopics a-d are vague and ambiguous. Vantiva objects to this Request to the extent it requires Vantiva to seek legal conclusions regarding the meaning of certain terms or phrases. Subject to and without in any way waiving the General Objections and Reservation of Rights, and to the extent it understands this Request, Vantiva responds as follows: Vantiva will produce relevant, non-privileged documents responsive to this Request to the extent they exist and are in its possession, custody or control after following applicable obligations of notice and confidentiality.

## REQUEST FOR PRODUCTION NO. 3

Documents and things sufficient to show the capabilities, functionality, and architecture of the Relevant Cable Modem Products and ESS services offered or provided by You in connection with the Relevant Cable Modem Products, including the following specific capabilities, functionality, or architectures:

      a.  full band capture processing of received signals;

      b.  signal analysis, signal monitoring, and/or sending of data related to signal analysis or signal monitoring capabilities;

      c.  packet processing capabilities and prioritized processing of certain types of packets;

      d.  communications between various processors, including a RG processor and a CM/MTA processor, of full band capture cable modem/gateway SoCs;

e.   firmware, middleware, or any other software updates of one or more components, including a RG processor, a CM/MTA processor, of the full band capture cable modem/gateway SoCs;

f.    the generation or transmission of probes, including physical layer probes, by the Relevant Products based on requests received from a CMTS and/or CCAP;

g.   the generation and/or transmission of messages, for example SNMP messages, by the Relevant Products based on messages received from a CMTS and/or CCAP; and

h.   determining, utilizing, and/or modifying parameters used by the Relevant Products to transmit and/or receive data via one or more communication channels.

**RESPONSE**:

Vantiva objects to this Request as the terms "capabilities," "functionality," "architecture," "ESS services," and subtopics a-h are vague and ambiguous. Vantiva objects to this Request to the extent it requires Vantiva to seek legal conclusions regarding the meaning of certain terms or phrases. Subject to and without in any way waiving the General Objections and Reservation of Rights, and to the extent it understands this Request, Vantiva responds as follows: Vantiva will produce relevant, non-privileged documents responsive to this Request to the extent they exist and are in its possession, custody or control after following applicable obligations of notice and confidentiality.

**REQUEST FOR PRODUCTION NO. 4**

Documents and things sufficient to show and describe any Charter-specific modifications or customizations made to the Relevant Products and/or such modifications or customizations made for other customers providing cable television or internet services in the United States.

**RESPONSE**:

Vantiva further objects to this Request as indefinite, overly broad, unduly burdensome, harassing, and purporting to impose obligations upon Vantiva that exceed the obligations imposed by the Federal Rules of Civil Procedure as the Request is not limited in time or in scope of relevant functionality related to the Case. In particular, the Request seeks documents sufficient to show and describe any modifications made for any customers providing cable television or internet services

in the United States, which are not reasonably relevant or proportional to the instant litigation. Subject to and without in any way waiving the General Objections and Reservation of Rights, and to the extent it understands this Request, Vantiva responds as follows: Vantiva will produce relevant, non-privileged documents responsive to this Request to the extent they exist and are in its possession, custody or control after following applicable obligations of notice and confidentiality.

**REQUEST FOR PRODUCTION NO. 5**

Documents and things sufficient to show any participation or involvement by Charter in the design, component selection, feature selection, development, or maintenance of the Relevant Products.

**RESPONSE**:

Subject to and without in any way waiving the General Objections and Reservation of Rights, and to the extent it understands this Request, Vantiva responds as follows: Vantiva will produce relevant, non-privileged documents responsive to this Request to the extent they exist and are in its possession, custody or control after following applicable obligations of notice and confidentiality.

**REQUEST FOR PRODUCTION NO. 6**

Documents and things sufficient to show any deployment of, usage of or reliance upon the Relevant Products by Charter.

**RESPONSE**:

Vantiva objects to this Request as the phrase "any deployment of, usage of or reliance upon the Relevant Products by Charter" is vague, ambiguous, and unclear. Subject to and without in any way waiving the General Objections and Reservation of Rights, and to the extent it understands this Request, Vantiva responds as follows: Vantiva will meet and confer to discuss the scope of this Request.

9

**REQUEST FOR PRODUCTION NO. 7**

Documents and things sufficient to show any development, modification, collaboration with, usage of, or maintenance of the Relevant Products in collaboration with third-party companies supplying products to Charter, including Commscope, Inc., Arris International Ltd., Motorola, Inc., Motorola Mobility LLC, Pace Plc, Humax Co. Ltd., Sagemcom (or any of its subsidiaries), Askey Computer Corp. (or any of its subsidiaries), Sercomm Corporation (or any of its subsidiaries), Ubee Interactive, Hitron Technologies, and Samsung Electronics Co., Ltd.

**RESPONSE**:

Vantiva objects to this Request as the phrase "collaboration with, usage of…the Relevant Products" is vague and ambiguous in the context of this Request. Vantiva objects to this Request as indefinite, overly broad, unduly burdensome, harassing, and purporting to impose obligations upon Vantiva that exceed the obligations imposed by the Federal Rules of Civil Procedure as the Request is not limited in time or in scope of relevant functionality related to the Case. Subject to and without in any way waiving the General Objections and Reservation of Rights, and to the extent it understands this Request, Vantiva responds as follows: Vantiva will produce relevant, non-privileged documents responsive to this Request to the extent they exist and are in its possession, custody or control after following applicable obligations of notice and confidentiality.

**REQUEST FOR PRODUCTION NO. 8**

Documents and things sufficient to show any development, modification, or maintenance of firmware, middleware, and/or any other software for the Relevant Products, including firmware, middleware, and/or any other software utilizing reference software platforms, SDKs, and/or APIs provided by third party companies including Charter, Broadcom Corporation, DevelopOnBox, LLC d/b/a Zodiac Interactive, Zodiac Systems, Orion Systems Integrators, LLC d/b/a Orion Innovation, Cognizant Technology Solutions Corporation, and Alticas.

**RESPONSE**:

Vantiva objects to this Request as indefinite, overly broad, unduly burdensome, harassing, and purporting to impose obligations upon Vantiva that exceed the obligations imposed by the Federal Rules of Civil Procedure as the Request is not limited in time or in scope of relevant

functionality related to the Case. Subject to and without in any way waiving the General Objections and Reservation of Rights, and to the extent it understands this Request, Vantiva responds as follows: Vantiva will produce relevant, non-privileged documents responsive to this Request to the extent they exist and are in its possession, custody or control after following applicable obligations of notice and confidentiality.

## REQUEST FOR PRODUCTION NO. 9

Documents sufficient to show Your annual revenue and unit sales on a product-by-product basis for the Relevant Products, and the cost of goods sold, the operating revenue, and operating profit therefor since 2014.

## RESPONSE:

Vantiva objects to the Request as indefinite, overly broad, unduly burdensome, harassing, and purports to impose obligations upon Vantiva that exceed the obligations imposed by the Federal Rules of Civil Procedure. In particular, the Request seeks information dating back to 2014. Subject to and without in any way waiving the General Objections and Reservation of Rights, Vantiva responds as follows: Vantiva is willing to meet and confer to understand the scope of this request.

## REQUEST FOR PRODUCTION NO. 10

All supply agreements applicable to the provision of any Relevant Products that were sold or otherwise provided by You.

## RESPONSE:

Vantiva objects to this Request as the undefined phrase "provision of any Relevant Products" is vague and ambiguous in the context of this Request. Vantiva objects to the Request as indefinite, overly broad, unduly burdensome, harassing, and purports to impose obligations upon Vantiva that exceed the obligations imposed by the Federal Rules of Civil Procedure. In

11

particular, the Request seeks confidential and proprietary information. Subject to and without in any way waiving the General Objections and Reservation of Rights, Vantiva responds as follows: Vantiva is willing to meet and confer to understand the scope of this request.

## REQUEST FOR PRODUCTION NO. 11

Documents sufficient to show Your pricing for the Relevant Products, and the considerations impacting such pricing.

## RESPONSE:

Vantiva objects to the Request as indefinite, overly broad, unduly burdensome, harassing, and purports to impose obligations upon Vantiva that exceed the obligations imposed by the Federal Rules of Civil Procedure as the Request is not limited in time. Subject to and without in any way waiving the General Objections and Reservation of Rights, Vantiva responds as follows: Vantiva will produce relevant, non-privileged documents responsive to this Request to the extent they exist and are in its possession, custody or control after following applicable obligations of notice and confidentiality.

## REQUEST FOR PRODUCTION NO. 12

Documents sufficient to show Your manufacturer(s) and supplier(s) of the Relevant Products.

## RESPONSE:

Vantiva objects to this Request as indefinite, overly broad, unduly burdensome, harassing, and purporting to impose obligations upon Vantiva that exceed the obligations imposed by the Federal Rules of Civil Procedure as the Request is not limited in time or in scope of relevant functionality related to the Case. Subject to and without in any way waiving the General Objections and Reservation of Rights, and to the extent it understands this Request, Vantiva responds as follows: Vantiva will produce relevant, non-privileged documents responsive to this Request to

the extent they exist and are in its possession, custody or control after following applicable obligations of notice and confidentiality.

## REQUEST FOR PRODUCTION NO. 13

All market analyses for the Relevant Products as relating to cable and television providers in the United States.

## RESPONSE:

Vantiva objects to this Request as the term "market analyses" is vague and ambiguous. Vantiva further objects to the Request as indefinite, overly broad, unduly burdensome, harassing, and purports to impose obligations upon Vantiva that exceed the obligations imposed by the Federal Rules of Civil Procedure as the Request is not limited to information related to Charter, not limited in time, and not limited to any functionality related to the Case. In particular, the Request seeks confidential and proprietary information. Subject to and without in any way waiving the General Objections and Reservation of Rights, Vantiva responds as follows: Vantiva is willing to meet and confer to understand the scope of this request.

## REQUEST FOR PRODUCTION NO. 14

Document sufficient to identify Your competitors for the Relevant Products.

## RESPONSE:

Vantiva objects to the Request as indefinite, overly broad, unduly burdensome, harassing, and purports to impose obligations upon Vantiva that exceed the obligations imposed by the Federal Rules of Civil Procedure. Subject to and without in any way waiving the General Objections and Reservation of Rights, Vantiva responds as follows: Vantiva is willing to meet and confer to understand the scope of this request.

13

**REQUEST FOR PRODUCTION NO. 15**

Documents sufficient to describe Your services offered in connection with the Relevant Products, and the revenue derived therefrom.

**RESPONSE**:

Vantiva objects to the Request as indefinite, overly broad, unduly burdensome, harassing, and purports to impose obligations upon Vantiva that exceed the obligations imposed by the Federal Rules of Civil Procedure as the Request is not limited to any functionality related to the Case. In particular, the Request seeks confidential and proprietary information. Subject to and without in any way waiving the General Objections and Reservation of Rights, Vantiva responds as follows: Vantiva is willing to meet and confer to understand the scope of this request.

**REQUEST FOR PRODUCTION NO. 16**

All license agreements covering the Relevant Technologies.

**RESPONSE**:

Vantiva objects to the Request as indefinite, overly broad, unduly burdensome, harassing, and purports to impose obligations upon Vantiva that exceed the obligations imposed by the Federal Rules of Civil Procedure. In particular, the Request seeks confidential information. Vantiva objects to this Request to the extent it requires Vantiva to seek legal conclusions regarding the meaning of certain terms or phrases. Subject to and without in any way waiving the General Objections and Reservation of Rights, Vantiva responds as follows: Vantiva will produce relevant, non-privileged documents responsive to this Request to the extent they exist and are in its possession, custody or control after following applicable obligations of notice and confidentiality.

**REQUEST FOR PRODUCTION NO. 17**

An identification of all patents that You "mark" in connection with the Relevant Products pursuant to 35 U.S.C. §287.

14

**RESPONSE**:

Vantiva objects to this Request as the phrase "in connection with the Relevant Products" is vague and ambiguous.  Subject to and without in any way waiving the General Objections and Reservation of Rights, Vantiva responds as follows: Vantiva will produce relevant, non-privileged documents responsive to this Request to the extent they exist and are in its possession, custody or control after following applicable obligations of notice and confidentiality.

**REQUEST FOR PRODUCTION NO. 18**

Documents sufficient to show any hurdle rate and/or internal rate of return for the Relevant Products from 2014.

**RESPONSE**:

Vantiva objects to this Request as the terms "hurdle rate" and "internal rate of return" are vague and ambiguous.  Vantiva further objects to the Request as indefinite, overly broad, unduly burdensome, harassing, and purports to impose obligations upon Vantiva that exceed the obligations imposed by the Federal Rules of Civil Procedure. In particular, the Request seeks confidential and proprietary information. Subject to and without in any way waiving the General Objections and Reservation of Rights, Vantiva responds as follows: Vantiva is willing to meet and confer to understand the scope of this request.

**REQUEST FOR PRODUCTION NO. 19**

Documents relating to any study or evaluation of the value of the Relevant Products to cable operators, including Charter, and/or the suppliers of equipment incorporating the Relevant Products to any cable operator.

**RESPONSE**:

Vantiva objects to this Request to the extent that the Request seeks documents or information protected or immune from discovery by the attorney-client privilege, the attorney

15

work product doctrine, the joint defense or common interest privilege, or any other applicable privilege or immunity. Vantiva objects to the Request as indefinite, overly broad, unduly burdensome, harassing, and purports to impose obligations upon Vantiva that exceed the obligations imposed by the Federal Rules of Civil Procedure as the Request is not limited to any functionality related to the Case. Subject to and without in any way waiving the General Objections and Reservation of Rights, Vantiva responds as follows: Vantiva is willing to meet and confer to understand the scope of this request.

## REQUEST FOR PRODUCTION NO. 20

Documents sufficient to reflect the demand and design input for, or the requirements of, the Relevant Technologies on the part of Charter, other cable operators, and/or the suppliers of the components of the Relevant Products to any cable operators.

## RESPONSE:

Vantiva objects to this Request as the undefined phrase "the demand and design input for, or the requirements of, the Relevant Technologies" is vague and ambiguous in the context of this Request. Vantiva objects to this Request to the extent it requires Vantiva to seek legal conclusions regarding the meaning of certain terms or phrases. Vantiva objects to the Request as indefinite, overly broad, unduly burdensome, harassing, and purports to impose obligations upon Vantiva that exceed the obligations imposed by the Federal Rules of Civil Procedure. In particular, the Request seeks confidential and proprietary information. Subject to and without in any way waiving the General Objections and Reservation of Rights, Vantiva responds as follows: Vantiva is willing to meet and confer to understand the scope of this request.

## REQUEST FOR PRODUCTION NO. 21

All documents reflecting, discussing, proposing, or forecasting, any cost savings to cable operations resulting from the use of the Relevant Products as compared to any other product deployed that serves a similar use-case.

**RESPONSE**:

Vantiva objects to this Request as the phrase "similar use-case" is vague and ambiguous. Vantiva objects to the Request as indefinite, overly broad, unduly burdensome, harassing, and purports to impose obligations upon Vantiva that exceed the obligations imposed by the Federal Rules of Civil Procedure. In particular, the Request seeks confidential and proprietary information. Subject to and without in any way waiving the General Objections and Reservation of Rights, Vantiva responds as follows: Vantiva is willing to meet and confer to understand the scope of this request.

**REQUEST FOR PRODUCTION NO. 22**

All agreements reflecting any obligations of indemnity relating to the Relevant Technologies, and any agreement referencing and or referenced by such indemnity agreement relating to such obligations.

**RESPONSE**:

Vantiva objects to the Request as indefinite, overly broad, unduly burdensome, harassing, and purports to impose obligations upon Vantiva that exceed the obligations imposed by the Federal Rules of Civil Procedure. In particular, the Request seeks confidential and proprietary information. Vantiva objects to this Request to the extent it requires Vantiva to seek legal conclusions regarding the meaning of certain terms or phrases. Subject to and without in any way waiving the General Objections and Reservation of Rights, Vantiva responds as follows: Vantiva will produce relevant, non-privileged documents responsive to this Request to the extent they exist and are in its possession, custody or control after following applicable obligations of notice and confidentiality.

**REQUEST FOR PRODUCTION NO. 23**

Documents sufficient to show the negotiations between You and Charter regarding the pricing of the Relevant Products, including any documents evidencing efforts by Charter or other cable television providers to suppress the prices You are able to charge.

**RESPONSE**:

Vantiva objects to this Request as the phrase "to suppress the prices You are able to charge" is vague and ambiguous. Vantiva objects to the Request as indefinite, overly broad, unduly burdensome, harassing, and purports to impose obligations upon Vantiva that exceed the obligations imposed by the Federal Rules of Civil Procedure. In particular, the Request seeks confidential and proprietary information. Subject to and without in any way waiving the General Objections and Reservation of Rights, Vantiva responds as follows: Vantiva is willing to meet and confer to understand the scope of this request.

**REQUEST FOR PRODUCTION NO. 24**

Documents sufficient to show Your first awareness of any of the Asserted Patents.

**RESPONSE**:

Vantiva objects to this Request to the extent that the Request seeks documents or information protected or immune from discovery by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privilege or immunity. Subject to and without in any way waiving the General Objections and Reservation of Rights, and to the extent it understands this Request, Vantiva responds as follows: Vantiva will produce relevant, non-privileged documents responsive to this Request to the extent they exist and are in its possession, custody or control after following applicable obligations of notice and confidentiality.

**REQUEST FOR PRODUCTION NO. 25**

All documents evidencing any notice, advising, or other communication with (to or from) any third party (not including Your agents) concerning any patents owned by or granted to MaxLinear and/or Entropic Communications, Inc, including, but not limited to, communications relating to indemnification for claims of infringement of any such patent.

**RESPONSE**:

Vantiva objects to this Request to the extent that the Request seeks documents or information protected or immune from discovery by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privilege or immunity. Vantiva objects to this Request as the phrase "patents owned by or granted to MaxLinear and/or Entropic Communications, Inc." is undefined and therefore vague and ambiguous. Vantiva further objects to the Request as indefinite, overly broad, unduly burdensome, harassing, and purports to impose obligations upon Vantiva that exceed the obligations imposed by the Federal Rules of Civil Procedure. In particular, the Request broadly seeks all documents with any third party concerning the aforementioned patents. Subject to and without in any way waiving the General Objections and Reservation of Rights, Vantiva responds as follows: Vantiva will produce relevant, non-privileged documents responsive to this Request to the extent they exist and are in its possession, custody or control after following applicable obligations of notice and confidentiality.

## DEPOSITION TOPIC RESPONSES

**DEPOSITION TOPIC NO. 1**

Authentication of all Documents produced in response to the Requests.

**RESPONSE**:

Vantiva objects to this Topic as wholly unnecessary and the goal of the Topic can be satisfied by other less burdensome means.

**DEPOSITION TOPIC NO. 2**

The meaning and purpose of all Documents produced in response to the Requests.

**RESPONSE**:

Vantiva objects to this Topic as the terms "meaning" and "purpose" are vague and ambiguous in the context of this Topic. Vantiva further objects to the Request as indefinite, overly broad, unduly burdensome, harassing, and purports to impose obligations upon Vantiva that exceed the obligations imposed by the Federal Rules of Civil Procedure including to the extent any documents were not authored or generated by Vantiva. Subject to and without in any way waiving the General Objections and Reservation of Rights, Vantiva responds as follows: Vantiva is willing to meet and confer to understand the scope of this Topic.

**DEPOSITION TOPIC NO. 3**

Identification of all Documents reflecting valuations of any patents related to any Identification of all Documents reflecting Your analysis of infringement of the Patents-in-Suit and Related Patents.

**RESPONSE**:

Vantiva objects to this Topic as the terms "Patents-In-Suit" and "Related Patents" are vague, ambiguous, and undefined. Vantiva further objects to the Topic as indefinite, overly broad, unduly burdensome, harassing, and purports to impose obligations upon Vantiva that exceed the obligations imposed by the Federal Rules of Civil Procedure. In particular, the meaning of the language "Documents reflecting valuations of any patents related to any Identification of all Documents reflecting Your analysis of infringement" is unclear. Subject to and without in any way waiving the General Objections and Reservation of Rights, Vantiva responds as follows: Vantiva is willing to meet and confer to understand the scope of this Topic.

**DEPOSITION TOPIC NO. 4**

20

To the extent You contend that Documents responsive to the Requests are not in Your possession, custody, or control, the factual bases for that contention.

**RESPONSE**:

Vantiva objects to the Topic as indefinite, overly broad, unduly burdensome, harassing, and purports to impose obligations upon Vantiva that exceed the obligations imposed by the Federal Rules of Civil Procedure. Subject to and without in any way waiving the General Objections and Reservation of Rights, Vantiva responds as follows: Vantiva is willing to meet and confer to understand the scope of this Topic.

**DEPOSITION TOPIC NO. 5**

To the extent You contend that it would be unduly burdensome to search for and locate Documents responsive to the Requests, the factual bases for that contention.

**RESPONSE**:

Vantiva objects to the Topic as indefinite, overly broad, unduly burdensome, harassing, and purports to impose obligations upon Vantiva that exceed the obligations imposed by the Federal Rules of Civil Procedure. Subject to and without in any way waiving the General Objections and Reservation of Rights, Vantiva responds as follows: Vantiva is willing to meet and confer to understand the scope of this Topic.

**DEPOSITION TOPIC NO. 6**

The past and present storage location(s) of Documents responsive to the Requests.

**RESPONSE**:

Vantiva objects to the Topic as indefinite, overly broad, unduly burdensome, harassing, and purports to impose obligations upon Vantiva that exceed the obligations imposed by the Federal Rules of Civil Procedure. Subject to and without in any way waiving the General

Objections and Reservation of Rights, Vantiva responds as follows: Vantiva is willing to meet and confer to understand the scope of this Topic.

***

DATED this 12th day of May 2023.

_/s Daniel Huynh_____
Daniel Huynh
dhuynh@mmmlaw.com
Lauren Dugas
ldugas@mmmlaw.com
Brianna Lucas
blucas@mmmlaw.com
MORRIS, MANNING & MARTIN, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, GA 30326
 (404)-233-7000

*Attorney for Non-Party*
*Vantiva USA LLC.*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this 12th day of May 2023, I caused a true and correct copy of the foregoing to be emailed to the following:

James A. Shimota
K&L Gates LLP
70 W. Madison Street, Suite 3100
Chicago, IL 60602
James.shimota@klgates.com
(312) 372-1121
Rauvin A. Johl

_/s Daniel Huynh_____
Daniel Huynh
dhuynh@mmmlaw.com

22